## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

FILED

2011 FEB 11  P 2: 35

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| **DYNAMIS, INC.**<br>2000 North 14th Street<br>Suite 550<br>Arlington, Virginia, 22201<br><br><br>Plaintiff,<br><br>v.<br><br>**DYNAMIS.COM**<br>c/o Network Solutions, LLC<br>13861 Sunrise Valley Drive, Suite 300<br>Herndon, Virginia 20171<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:11cv143
TSE/TCB

## COMPLAINT

Dynamis, Inc. ("Dynamis" or "Plaintiff"), by and through its undersigned counsel, brings its Complaint against the domain name <DYNAMIS.COM> (the "Infringing Domain Name"), seeking relief pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2) (the "ACPA").

### SUMMARY OF ACTION

1.    This is an action brought pursuant to the *in rem* provisions of the ACPA.  Since 2008, Plaintiff has been the owner of the DYNAMIS trademark covering: research and analysis for others in the field of national security; operational and net assessments for others to assist in strategic planning for the national security community; program management, research and

analysis, and the provision of negotiation techniques for others in the field of international security; the provision of recommendations for others in connection with integrating homeland security policy initiatives; and analysis for others to determine educational and training needs to improve and increase an organization's performance (the "DYNAMIS Mark"). Plaintiff is a leading provider of such services in the United States. Plaintiff filed for federal trademark protection for the DYNAMIS Mark on December 3, 2010. A true and correct copy of the federal trademark application for the DYNAMIS Mark is attached hereto as <u>Exhibit A</u>. Plaintiff, who is based in Virginia, promotes and offers its products for sale on the Internet such as on websites operated through the domain names <dynamisusa.net>. Plaintiff has spent substantial sums advertising the DYNAMIS Mark and otherwise promoting its services and brand.

2.      Notwithstanding Plaintiff's rights to the DYNAMIS Mark, the Infringing Domain Name was registered utilizing the registrar Network Solutions, LLC. A true and correct copy of the WHOIS record for the Infringing Domain Name is attached hereto as <u>Exhibit B</u>. The registrant is identified on the WHOIS record as: "BB & TT, Sihleggstrasse 23, Wollerau, 8832, Swiss Confederation" (the "Accused Registrant"). (*See* <u>Exhibit B</u>.) Because Plaintiff is not aware of any basis for asserting personal jurisdiction over the Accused Registrant in the United States, Plaintiff brings this as an *in rem* action under the ACPA for injunctive and other relief relating to the bad-faith registration of the Infringing Domain Name.

### THE PARTIES

3.      Dynamis is a Virginia corporation having its principal place of business at 2000 North 14th Street, Suite 550, Arlington, Virginia, 22201.

4.      Defendant <DYNAMIS.COM> is an Internet domain name registered through Network Solutions, LLC, which is located 13200 Woodland Park Rd, Herndon, VA 20171. A

true and correct copy of Network Solutions, LLC's contact information, as currently published online, is attached as Exhibit C.

## JURISDICTION AND VENUE

5.      This Court has *in rem* jurisdiction over the Infringing Domain Name. Pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), a domain name is deemed to have its *situs* in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. Network Solutions, LLC, which is the domain name registry within which the Infringing Domain resides, has an office located in this judicial district and conducts business in this judicial district.

6.      This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and 15 U.S.C. § 1125(d)(2)(C) because the *res, i.e.,* the Infringing Domain Name, is located within this judicial district.

## FACTUAL BACKGROUND

### Plaintiff's Distinctive Mark

8.      Dynamis is one of the leading providers of research and analysis services for others in the field of national security and conducting operational and net assessments for others to assist in strategic planning for the national security community in the United States.

9.      Dynamis holds common law rights in the distinctive DYNAMIS mark due to its continuous use in commerce since as early as February 11, 2008, in connection with research and analysis for others in the field of national security; operational and net assessments for others to assist in strategic planning for the national security community; program management, research

and analysis, and the provision of negotiation techniques for others in the field of international security; the provision of recommendations for others in connection with integrating homeland security policy initiatives; and analysis for others to determine educational and training needs to improve and increase an organization's performance.

10.     Dynamis advertises its services to the world via a website located at <www.dynamisusa.net>. A true and correct copy of Plaintiff's web pages is attached hereto as Exhibit D.

11.     Plaintiff filed for the federal trademark protection for the DYNAMIS Mark on December 3, 2010. See Exhibit A.

12.     The DYNAMIS Mark represents to the worldwide consuming public that the services are offered and provided by Plaintiff.

13.     Plaintiff has made extensive use of the DYNAMIS Mark by providing its services throughout the United States.

### *Registration and Bad Faith Use of the Infringing Domain Name*

14.     Without Plaintiff's consent or the sanction of any court of law, the Infringing Domain Name was registered with Network Solutions, LLC.

15.     The Infringing Domain Name wholly includes Plaintiff's protectable DYNAMIS Mark as well as Plaintiff's common name.

16.     Thus, the Infringing Domain Name is confusingly similar to the distinctive DYNAMIS Mark and its common name, and violates Plaintiff's exclusive service mark rights in the DYNAMIS Mark in the United States and abroad.

17.     The Infringing Domain Name is currently used to direct Internet users to third-party commercial websites and to display revenue-generating links. The holding page located at

<www.dynamis.com> contains links to third party sites as well as sponsored links. A true and correct printout of the website associated with the Infringing Domain Name containing third-party commercial websites and revenue-generating links is attached as Exhibit E.

18.    The Infringing Domain Name is merely used as a holding page and not used in connection with a legitimate website. Here, Plaintiff's rights accrued in February 2008. The Infringing Domain Name has not been used in connection with an active web page, if at all, since August 19, 2005. A true and correct printout of snapshot dates as recorded by the Internet Archive <www.archive.org> showing the dates that the Infringing Domain Name's website changed, together with an example of the holding page that appeared on the Website located at the Infringing Domain Name, is attached as Exhibit F. As such, the Infringing Domain Name has not been used for any legitimate use since August 19, 2005.

19.    On July 24, 2009 and again on September 2, 2009, Dynamis approached the owner of the Infringing Domain Name seeking whether such owner would be willing to transfer the Infringing Domain Name because the Infringing Domain Name was not in use for any legitimate purpose. Later, on September 2, 2009, the owner of the Infringing Domain Name responded that it would sell the Infringing Domain Name for $2,500. Dynamis accepted the offer to purchase the disputed domain name for $2,500, but Richard Debrot, an authorized agent of the owner, breached the agreement to sell it, stating that he hoped to obtain a buyer for the domain on eBay who would be willing to pay more than $2,500. Mr. Debrot admitted that the owner of the Infringing Domain Name never used it in connection with any business or other undertaking and was only holding on to <DYNAMIS.COM> in order to sell it. The offer to transfer, sell, or otherwise assign a domain name to the mark owner for financial gain, without having used the mark in a legitimate site is evidence of bad faith under the ACPA. *See*

Declaration of Sumita Nair, attached as <u>Exhibit G</u>.

20.    Defendant's acts described herein continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law.

***COUNT I***

**Violation Of The Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(2))**

21.    Plaintiff realleges and incorporates by reference paragraphs 1-20 as if fully set forth herein.

22.    The Accused Registrant has registered, trafficked in, and used in interstate commerce the domain name <DYNAMIS.COM>, which is confusingly similar to and dilutive of Plaintiff's distinctive mark DYNAMIS.

23.    The Accused Registrant has registered and used the Infringing Domain Name without authorization from Dynamis and, upon information and belief, with the bad faith intent of profiting off the DYNAMIS Mark by offer to transfer, sell, or otherwise assign a domain name to the mark owner for financial gain, without having used the mark in a legitimate site.

24.    The Accused Registrant owns no trademark rights in, and no trademark registrations for, the DYNAMIS Mark in the United States.

25.    The aforesaid actions constitute cyberpiracy in violation of Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d).

26.    The continued registration of the Infringing Domain Name constitutes a violation of 15 U.S.C. § 1125(d)(2), which protects the owner of U.S. trademarks and prohibits the registration of Internet domain names that are confusingly similar to any distinctive U.S. trademark.

27.    The Accused Registrant's unauthorized registration and use of DYNAMIS.COM

has caused, and unless and until transferred to Dynamis, will continue to cause irreparable injury to Dynamis and to the reputation and goodwill associated with its distinctive DYNAMIS Mark. Dynamis has no adequate remedy at law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Dynamis, Inc. respectfully requests that this Court enter an order for Plaintiff and against the Infringing Domain Name as follows:

i.    Network Solutions, LLC shall transfer the <DYNAMIS.COM> domain name from the Accused Registrant to Dynamis, Inc.; and

ii.    Plaintiff's Registrar shall register the <DYNAMIS.COM> domain name in the name of Dynamis, Inc.; and

iii.    Plaintiff be awarded such other and further relief as this court may deem just.

Date: February 11, 2011

Christine P. Hsu, Esq. (VA Bar No. 80496)
SHULMAN, ROGERS, GANDAL, PORDY
 & ECKER, P.A.
12505 Park Potomac Avenue
Sixth Floor
Potomac, MD 20854
(301) 230-5200 (telephone)
(301) 230-2891 (fax)
thsu@shulmanrogers.com

*Counsel for Dynamis, Inc.*